# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 31, 2024

Mr. Daniel J. McCoy
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 23-30788 c/w 23-30791, 23-30792 and 23-30799
        Linn v. Ouachita American Job Center
        USDC No. 3:22-CV-6259
        USDC No. 3:23-CV-716
        USDC No. 3:23-CV-718
        USDC No. 3:23-CV-706

Dear Mr. McCoy,

Enclosed are copies of the judgments issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: /s/ Shea E. Pertuit
Shea E. Pertuit, Deputy Clerk
504-310-7666

cc:
    Mr. Andrew Michael Albritton
    Ms. Camille Rachelle Bryant
    Mr. Brandon Wade Creekbaum
    Ms. Dianne Lorraine Hill
    Mr. Douglas R Nielsen



**Certified as a true copy and issued as the mandate on May 31, 2024**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 9, 2024
Lyle W. Cayce
Clerk

No. 23-30788
_____

MONTREAL LINN,

*Plaintiff—Appellant,*

versus

OUACHITA AMERICAN JOB CENTER; JAY MITCHELL; DORETHA BENNETT; CITY OF MONROE; FREDERICK COLEMAN; POLICE JURY OF OUACHITA PARISH,

*Defendants—Appellees,*

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-6259
_____

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges.*

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED for lack of jurisdiction.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying

a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. *See* FED. R. APP. P. 41(b). The court may shorten or extend the time by order. *See* 5TH CIR. R. 41 I.O.P.



**United States Court of Appeals for the Fifth Circuit**

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2024

Lyle W. Cayce
Clerk

**Certified as a true copy and issued as the mandate on May 31, 2024**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 23-30791

---

Montreal Linn,

　　　　　　　　　　　　　　*Plaintiff—Appellant*,

versus

Ouachita American Job Center; Police Jury of Ouachita Parish; Louisiana Workforce Commission; Doretha Bennett,

　　　　　　　　　　　　　　*Defendants—Appellees*,

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-716

---

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED for lack of jurisdiction.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying

No. 23-30788
c/w Nos. 23-30791, 23-30792, 23-30799

a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. *See* Fed. R. App. P. 41(b). The court may shorten or extend the time by order. *See* 5th Cir. R. 41 I.O.P.



**United States Court of Appeals for the Fifth Circuit**

United States Court of Appeals
Fifth Circuit
**FILED**
May 9, 2024
Lyle W. Cayce
Clerk

Certified as a true copy and issued as the mandate on **May 31, 2024**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 23-30792

MONTREAL LINN,

*Plaintiff—Appellant*,

*versus*

CITY OF MONROE; FREDERICK COLEMAN,

*Defendants—Appellees*,

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-718

_____

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED for lack of jurisdiction.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion

for stay of mandate, whichever is later. *See* Fed. R. App. P. 41(b). The court may shorten or extend the time by order. *See* 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

Certified as a true copy and issued
as the mandate on **May 31, 2024**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2024

Lyle W. Cayce
Clerk

No. 23-30799

---

MONTREAL LINN,

      *Plaintiff—Appellant*,

versus

HEALTHY BLUE; AMANDA WILLIAMS; WILLIAM RASBARRY; SUSAN COLBERT; LINCOLN NOVA VITAL RECOVERY,

      *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-706

---

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED for lack of jurisdiction.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion

for stay of mandate, whichever is later. *See* FED. R. APP. P. 41(b). The court may shorten or extend the time by order. *See* 5TH CIR. R. 41 I.O.P.

# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 9, 2024
Lyle W. Cayce
Clerk

No. 23-30788

MONTREAL LINN,

*Plaintiff—Appellant*,

*versus*

OUACHITA AMERICAN JOB CENTER; JAY MITCHELL; DORETHA BENNETT; CITY OF MONROE; FREDERICK COLEMAN; POLICE JURY OF OUACHITA PARISH,

*Defendants—Appellees*,

CONSOLIDATED WITH

No. 23-30791

MONTREAL LINN,

*Plaintiff—Appellant*,

*versus*

OUACHITA AMERICAN JOB CENTER; POLICE JURY OF OUACHITA PARISH; LOUISIANA WORKFORCE COMMISSION; DORETHA BENNETT,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————

No. 23-30792

————————

Montreal Linn,

*Plaintiff—Appellant*,

*versus*

City of Monroe; Frederick Coleman,

*Defendants—Appellees*,

CONSOLIDATED WITH

————————

No. 23-30799

————————

Montreal Linn,

*Plaintiff—Appellant*,

*versus*

Healthy Blue; Amanda Williams; William Rasbarry; Susan Colbert; Lincoln Nova Vital Recovery,

*Defendants—Appellees*.

————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 3:22-CV-6259, 3:23-CV-716,
3:23-CV-718, 3:23-CV-706

————————————————

No. 22-30788
c/w Nos. 23-30791, 23-30792, 23-30799

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Appellant Montreal Linn appeals (1) a notice of intent to dismiss for failure to prosecute, and (2) an order denying his motion to appoint counsel. Claims remain pending in the proceedings below.

We must examine the basis of our jurisdiction, on our own motion if necessary. *Hutchings v. County of Llano*, 34 F.4th 484, 485 (5th Cir. 2022) (per curiam). We have jurisdiction over appeals from final decisions. 28 U.S.C. § 1291. We also have jurisdiction over appealed orders falling within the collateral-order doctrine or certified under 28 U.S.C. § 1292(b). Linn does not contend that either the collateral-order doctrine or 28 U.S.C. § 1292(b) provide jurisdiction here, so we examine whether the appealed orders are final.

The notice of intent to dismiss for failure to prosecute is, at best, an interlocutory order. *Hay v. Univ. of Tex. Med. Branch*, 689 F. App'x 298, 299 (5th Cir. 2017) (per curiam). So is the order denying Linn's motion to appoint counsel. *Marler v. Adonis Health Prods.*, 997 F.2d 1141, 1143 (5th Cir. 1993); *Risby v. United States*, 168 F. App'x 655, 655–56 (5th Cir. 2006) (per curiam). Because we are without jurisdiction over the two orders on appeal, we must dismiss. *See Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London*, 772 F.3d 384, 388 (5th Cir. 2014).

The appeal is DISMISSED for want of jurisdiction.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.