# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

November 07, 2024

Mr. Daniel J. McCoy
Western District of Louisiana, Monroe
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

    No. 24-30500   Linn v. City of Monroe
                       USDC No. 3:23-CV-718

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Angelique B. Tardie, Deputy Clerk
                              504-310-7715

cc:   (letter only)
      Mr. Montreal Linn

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 16, 2024
Lyle W. Cayce
Clerk

No. 24-30500

───────────

Montreal Linn,

        *Plaintiff—Appellant*,

*versus*

City of Monroe; Frederick Coleman,

        *Defendants—Appellees*.

───────────

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CV-718

───────────

## UNPUBLISHED ORDER

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:

    This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment.

    This is Appellant Montreal Linn's second *pro se* notice of appeal. Linn initially appealed a notice of intent to dismiss for failure to prosecute. That

No. 24-30500

appeal was assigned Case No. 23-30792 and dismissed by this court for lack of jurisdiction. *See Linn v. Ouachita Am. Job Ctr.*, Nos. 23-30788, 23-30791, 23-30792, 23-30799, 2024 U.S. App. LEXIS 11377 (5th Cir. May 9, 2024). After Linn filed his first notice of appeal, the district court entered a final order dismissing the complaint on October 27, 2023. Therefore, the final day for filing a timely notice of appeal was Monday, November 27, 2023, because the thirtieth day was a Sunday. *See* FED. R. APP. P. 26(a)(1)(C).

The current *pro se* notice of appeal filed August 1, 2024, is not timely. When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988).

Accordingly, the appeal is DISMISSED for want of jurisdiction.

Certified as a true copy and issued as the mandate on Nov 07, 2024

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

2